IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN ZERINGUE,<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br><br>SANGHA ASSOCIATES, INC.,<br>DEAN WILLARD, and EMILY<br>WILLARD | § § § § § § § § § § § § § |  Civil Action No. _____<br><br><br><br> Jury Trial Demanded<br><br><br> Section ___  Mag ___ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff John Zeringue (sometimes referred to as "John" or "Plaintiff") brings this action against Defendants Sangha Associates, Inc., Dean Willard, and Emily Willard (sometimes collectively referred to as "Defendants"), and respectfully allege as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, et seq. ("the Wage Payment Act"), for, inter alia, unpaid wages and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2. Plaintiff John Zeringue is an individual residing in St. Charles Parish, Louisiana. John formerly was employed with Defendant as an Electronic Call-Button Technician through Sangha Associates, Inc.'s Willard Healthcare Solutions company.

3. Sangha Associates, Inc. ("Sangha") is a corporation organized under the laws of the State of Delaware, registered to do and doing business in the State of Louisiana, and may be served

through its registered agent for service of process: CT Corporation Systems, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

4. Defendants Dean Willard and Emily Willard are corporate officers of Sangha Associates, Inc. and both are an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendants provide telecommunication systems and associated services to healthcare facilities in Louisiana and throughout the nation.

8. Furthermore, Plaintiff engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

9. Defendants directed and monitored the work of Plaintiff and other workers. For example, Defendants: (i) set Plaintiff' schedules and work hours; (ii) assigned and monitored Plaintiff's

work; (iii) supervised and evaluated Plaintiff's work; and (iv) determined the rates of pay for Plaintiff.

10. Plaintiff regularly worked more than forty (40) hours in a workweek for Defendants, but often was not paid all overtime wages for the time worked. Indeed, starting in or around December 2019, Defendants unilaterally changed Plaintiff's pay structure from hourly to a "Staff" structure, despite no change in Plaintiff's work duties, only paid Plaintiff for 40-hours per week, despite Plaintiff submitting time sheets establishing his working more than 40-hours per week, and not paying Plaintiff 1 ½ times their regular rate of pay for hours worked over 40 as required by the FLSA.

11. Plaintiff's primary duties did not (a) involve the performance of office or non-manual work directly related to Defendants' general business operations or their customers, and (b) require the exercise of discretion and independent judgment.

12. Nor did Plaintiff (a) manage a recognized department or subdivision of Defendants' operations, (b) customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, or (c) have input into the hiring, firing, or promotion of other employees.

13. Plaintiff originally began working for Defendants in or around November 2017 and was paid at an hourly rate of $34.00 per hour plus overtime as appropriate. This wage structure prevailed until approximately November 2019, at which time, Defendants unilaterally reclassified Plaintiff as "Staff" and began paying him a "salary" rate of $1,360.00 per week. The $1,360.00 per week is Plaintiff's prior hourly rate of $34.00 per hour for 40-hours per week. With this change, Defendants ceased paying Plaintiff for any hours worked past 40-hours.

14. Even if Plaintiff did receive a "salary," he is still a non-exempt employee because of the nature of his job duties, which as noted did not change materially from his date of hire until he was laid off by Defendants.

15. Starting in or around November 2019, Defendants did not pay Plaintiff for all hours worked during a workweek, including when Plaintiff worked hours over forty in a workweek. In this respect, Plaintiff often did not receive payment for all the hours he worked, including when Plaintiff worked more than forty hours in a workweek.

16. Defendants also failed to pay Plaintiff his straight-time rate of pay for many hours that Plaintiff was required to work beyond 40-hours starting in or around November 2019.

17. By refusing to pay Plaintiff for all hours worked, Defendants have violated the FLSA and the Louisiana Wage Payment Act.

18. Plaintiff additionally notes he was often "on-call" and expected to respond to Defendants' demands, even during his non-work times, with no compensation for such additional time required by Defendants' except and apart from his "salary" of $1,360.00 per week.

19. Plaintiff was laid off by Defendants on or around March 13, 2020.

20. On the week prior to this lay-off, Plaintiff worked as directed by Defendants for 40-hours from March 5, 2020 until March 12, 2020.

21. Defendants have not paid Plaintiff his final wages for the period from March 5, 2020 until March 12, 2020.

22. Plaintiff has made demand to Defendants for the compensation owed, but Defendants still have refused to pay the wages owed to Plaintiff.

23. Defendants' denial of straight-time pay for hours worked beyond 40-hours, minimum pay for hours worked beyond 40-hours, final wages, and overtime compensation for hours worked beyond 40-hours to Plaintiff is, and has been, willful and deliberate.

24. Defendants Dean Willard and Emily Willard have significant ownership interest in Defendant Sangha Associates, Inc.

25. Defendants Dean Willard and Emily Willard are involved in the day-to-day control of operations including but not limited to the supervision of employees and payment of wages to employees.

**FIRST CAUSE OF ACTION**

(Failure to Pay Minimum Wage and Overtime in violation of the FLSA)

26. Plaintiff incorporates by reference each allegation in the preceding paragraphs as though fully set forth herein.

27. The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked, and (ii) overtime compensation for all hours worked over forty in a workweek.

28. Defendants have deprived Plaintiff of lawful compensation in violation of the FLSA as heretofore alleged by failing to pay Plaintiff the minimum hourly rate for hours worked beyond 40-hours in a work week and by failing to pay Plaintiff the statutorily mandated overtime rate for hours worked beyond 40-hours in a work week.

29. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

30. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of

liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

31. Plaintiff also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION

(Violations of the Wage Payment Act)

32. Plaintiff incorporates by reference each allegation in the preceding paragraphs as though fully set forth herein.

33. Despite demands from Plaintiff, Defendants have failed to pay the wages due under the terms of their employment after his lay-off within the time period prescribed by the Louisiana Wage Payment Act, La R.S. 23:631 et seq.

34. Accordingly, Plaintiff are not only entitled to recover their unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

35. Plaintiff hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Plaintiff John Zeringue respectfully requests that this Court order the following relief:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiff;

(b) Award Plaintiff unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award Plaintiff attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by the FLSA;

(d) Award Plaintiff unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Louisiana Wage Payment Act; and

(e) Award Plaintiff any other legal and equitable relief that this Court deems just and proper.

Dated: January 11, 2021                                           Respectfully Submitted,

**Loyd J. Bourgeois, LLC**

_____
Loyd J. Bourgeois, Jr., La. Bar No. 29771
13755 River Road, Suite A
Luling, LA 70070
Ph: (985) 240-9773
Fax: (866) 882-3988
Email: loyd@ljblegal.com
Attorney for John Zeringue